**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco MATEO–MENDEZ,**
**Defendant—Appellant.**

No. 00–50721.
D.C. No. CR–98–02157–JSR.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Francisco Mateo–Mendez was convicted for illegal reentry pursuant to 8 U.S.C. § 1326(a) and he was sentenced to 94 months in prison pursuant to 8 U.S.C. § 1326(b)(2). In an earlier appeal, he challenged his conviction, which we affirmed, and his sentence, which we reversed and remanded. *United States v. Mateo–Mendez*, 215 F.3d 1039 (9th Cir. 2000). During resentencing, he was sen-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tenced to 77 months in prison. He now appeals this sentence. The balance of the facts and prior proceedings are known to the parties; they are not restated herein except as necessary. We affirm.

The maximum penalty for illegal reentry is two years in prison, 8 U.S.C. § 1326(a), unless one of the enhancements in 8 U.S.C. § 1326(b) applies. One of these enhancements, which increases the maximum penalty for illegal reentry to twenty years if the defendant had been previously convicted of an aggravated felony at the time of his removal, 8 U.S.C. § 1326(b)(2), applies in this case.

The sentence Mateo–Mendez challenges in this appeal is well within the twenty year maximum provided for in 8 U.S.C. § 1326(b)(2). Nonetheless, he argues that, because his prior conviction was neither charged in the indictment for illegal reentry nor proved beyond a reasonable doubt before the jury in this case, it violated the Due Process Clause and the Sixth Amendment to increase, on the basis of his prior conviction, the maximum sentence he could receive from two to twenty years.

The Supreme Court rejected this very argument in *Almendarez–Torres v. United States*, 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although some doubt was cast upon the continued viability of *Almendarez–Torres* by the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have held that *Almendarez–Torres* remains good law. *United States v.. Pacheco–Zepeda*, —— F.3d ——, 2000 WL 33156290, at *4–*5 (9th Cir.2001). Moreover, we have held that *Almendarez–Torres* is not limited to its facts, and have extended it to defendants who, like Mateo–

Mendez, were convicted at trial for illegal reentry rather than pursuant to a guilty plea. *United States v. Parga–Rosas*, 238 F.3d 1209, 1215 (9th Cir.2001); *United States v. Quintana–Torres*, 235 F.3d 1197, 1200 (9th Cir.2000). Finally, because we sit as a three-judge panel, we cannot entertain Mateo–Mendez's call to overrule these precedents.

AFFIRMED.